UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jorge Antonio Oyuela Tercero,<br><br>                       Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center; PATRICK DIVVER, Field Office Director, San Diego Office of Detention and Removal, U.S. Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security; and KRISTI NOEM, Secretary, U.S. Department of Homeland Security,<br><br>                       Respondents. | Case No.: 26cv0325-GPC(JLB)<br><br>**ORDER** |

On January 27, 2026, the Court granted the petition for writ of habeas corpus under 28 U.S.C. § 2241 and directed that Petitioner be released immediately from DHS custody under the same conditions as his previous bond conditions. (Dkt. No. 6.) In response to the parties' January 29, 2026 joint status report requesting clarification, the Court

1

confirmed that its order reflects that Petitioner must be released under the same conditions as his prior bond conditions which includes a $3,000 bond. (*See* Dkt. No. 8-1, Ex. 1; Dkt. No. 9.)

Because it was not clear whether the $3,000 bond was returned to Petitioner upon re-detention, on January 30, 2026, the Court directed Respondents to provide evidence that the $3,000 bond was refunded to Petitioner. (Dkt. No. 9.) On February 2, 2026, Respondents filed a supplemental response. (Dkt. No. 11.)

According to the supplemental response, on August 26, 2022, Petitioner was released on bond in the amount of $3,000. (Dkt. No. 11-1, Aguinaldo Decl. ¶ 5.) Petitioner was re-detained on May 27, 2025 and transferred to the Otay Mesa Detention Center on June 2, 2025. (*Id*. ¶ 6.) According to Respondents, the ICE Office of the Chief Financial Officer, Officer of Financial Management, Financial Service Center, responsible for handling bond payments, confirmed that on June 4, 2025, Petitioner's $3,000 bond was cancelled and a check mailed to the obligor on July 25, 2025 and the check was cashed. (Dkt. No. 11-1, Aguinaldo Decl. ¶¶ 7-9.) However, the obligor claims fraud because the signature was not hers and a fraud packet was sent to the obligor. (*Id*. ¶ 9.) According to ICE, the bond remains in paid status and the funds have not been returned to ICE. (*Id*.) ICE has reinstated another $3,000 based on the Court's order. (*Id*. ¶ 10.)

The Court's jurisdiction is limited to whether Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States" *see* 28 U.S.C. § 2241(c)(3), which the Court addressed in its order granting the habeas petition filed on January 27, 2026. (Dkt. No. 6.) Though Respondents concede that Petitioner is detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing, (Dkt. No. 4), the Court found that Petitioner should be immediately released under the same conditions as his prior bond conditions because an immigration court already found Petitioner was not a danger to the community and not a flight risk. Those same conditions included a $3,000 bond which had been previously deposited and was cancelled. The Court's Order granting relief was aimed at returning the parties to the status quo as of the date of Petitioner's detention. However,

given the reported fraud relating to someone fraudulently cashing the $3,000 check, the Court refers the matter back to the immigration court to determine whether to reimpose any bond condition given Petitioner's past compliance with the conditions of release and the reported fraud. Due to the intervening events, Petitioner shall not continue to be detained unless the government demonstrates, before a neutral immigration judge, by clear and convincing evidence that continued detention is necessary to prevent danger to the community or that he is a flight risk. *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1038 (N.D. Cal. 2025).

Thus, the Court DIRECTS Respondents to provide Petitioner a hearing with an immigration judge within 14 days to address the issue related to the bond payment condition.

IT IS SO ORDERED.

Dated: February 3, 2026

Hon. Gonzalo P. Curiel
United States District Judge